IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| REALSOURCE BROKERAGE SERVICES, L.C., a Utah limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>DEAD MULE LAND & CATTLE COMPANY, LLC dba LONESTAR COMMERCIAL, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE MEMORANDUM AND DENYING OCTOBER 31, 2006 MOTION AS MOOT<br><br><br><br>Case No. 2:06-CV-762 TS |

This matter is before the Court on Defendants' Motion to Strike and Defendants' October 31, 2006 Motion to Dismiss or, in the Alternative, to Transfer Venue.

Defendants move to strike Plaintiff's Memorandum in Opposition because it exceeds the page limit set by the local rule applicable at the time it was originally due.[1]

---

[1] *See* former DUCivR 7-1(b)(3) (setting page limit of ten pages for motions to dismiss).

1

However, that page limit was changed by amended local rule DUCivR 7-1, effective December 1, 2006.[2]  Pursuant to the parties' stipulation, the date for Plaintiff's Response was extended to December 8, 2006,[3] after the new page limits were in effect.

Defendants contend that it is unfair to allow Plaintiff the longer memorandum, even if it complies with the amended local rule, because when Defendants filed their Memorandum, they were bound by the shorter page limits under the former local rule and were denied leave to file an overlength memorandum.[4]

Local rule 81-1(b) provides that amended rules apply "to all proceedings pending at the time they take effect, except where, in the opinion of the court, their application . . . would work an injustice, in which event the former rules govern."[5]  Examining the record, the Court finds that the reason that Defendants gave for originally seeking an overlength memorandum was that it covered two motions.[6]  After Defendants' request for an overlength memorandum was denied, they filed a memorandum covering only one of their two motions.[7]  Defendants now contend that they are prejudiced because the shorter page limitation required them to delete arguments regarding the Motion to Dismiss and not just

---

[2]DUCivR 7-1(b)(4) (setting new page limit of twenty-five pages for motions to dismiss).

[3]Docket No. 18.

[4]*See* Docket No. 11 (November 1, 2006 Order Denying Defendants' Motion for Leave to File Overlength Brief).

[5]DUCivR 81-1(b).

[6]Docket No. 10, at 2.

[7]Docket No. 13.

regarding their venue motion. However, a review of Defendants' attached exhibit[8] does not show prejudice, and instead shows that the shorter version of their Memorandum is more concise and, therefore, more effective. This does not show prejudice. Further, Defendants could have, but did not, address the change in page limits in their stipulation to extend the time for filing Plaintiffs' response and Defendants will still have the last word by their reply. The Court finds that there is no injustice in enforcing the procedural rules in effect at the time of the filings in this case. It is therefore

ORDERED that Defendants' Motion to Strike (Docket No. 25) is DENIED. It is further

ORDERED that Defendants' October 31, 2006 Motion to Dismiss and, in the alternative, to Transfer Venue (Docket No. 8) is DENIED WITHOUT PREJUDICE AS MOOT because said Motion was replaced with the Amended Motion to Dismiss filed on November 8, 2006.

DATED  February 20, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[8]Def.s' Ex. A at 9-19.